Case 2:21-cr-00243-SB   Document 1   Filed 05/18/21   Page 1 of 9   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
05/18/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE RENE POINDEXTER,<br><br>    Defendant. | CR 2:21-cr-00243-SB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 11, 2021, in Los Angeles County, within the Central District of California, defendant ANDRE RENE POINDEXTER knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 85 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 11, 2021, in Los Angeles County, within the Central District of California, defendant ANDRE RENE POINDEXTER knowingly carried a firearm, namely a Hi-Point, Model C, 9mm caliber pistol, bearing serial number P202250, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about March 11, 2021, in Los Angeles County, within the Central District of California, defendant ANDRE RENE POINDEXTER knowingly possessed a firearm, namely, a Hi-Point, Model C, 9mm caliber pistol, bearing serial number P202250, and ammunition, namely, five rounds of Winchester 9mm caliber ammunition and two rounds of Sig Sauer 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant POINDEXTER possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA041755, on or about August 31, 1999;

2. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA043486, on or about January 20, 2000;

3. Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number TA067659, on December 17, 2002;

4. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA072094, on or about November 7, 2006;

3

5. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA084360, on or about January 6, 2010;

6. Unlawful Possession of a Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA090969, on or about January 11, 2012;

7. Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA096893, on or about October 10, 2013;

8. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102495, on or about July 28, 2016;

9. Possession of a Controlled Substance While Armed, in violation of Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA104332, on or about July 28, 2016;

10. Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number NA104075, on or about July 28, 2016;

11. Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case No. NA112346, on or about July 18, 2019; and

12. Possession for Sale of Methamphetamine, in violation of California Health and Safety Code 11379(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA115184, on or about December 7, 2020.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

1 located upon the exercise of due diligence; (b) has been transferred,
2 sold to, or deposited with a third party; (c) has been placed beyond
3 the jurisdiction of the court; (d) has been substantially diminished
4 in value; or (e) has been commingled with other property that cannot
5 be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of offenses set forth in either of Counts Two or Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1. One Hi-Point, Model C, 9mm caliber pistol, bearing serial number P202250;

2. Five rounds of Winchester 9mm caliber ammunition;

3. Two rounds of Sig Sauer 9mm caliber ammunition; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

8

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                              A TRUE BILL

                                              /S/
                                      Foreperson

TRACY L. WILKISON
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

ALLISON L. WESTFAHL KONG
Assistant United States Attorney
Chief, General Crimes Section

ASHLEY FILLMORE
Assistant United States Attorney
General Crimes Section